In re Michael A. SERRITELLA, Debtor.

Nelton J. ZUPPA, Plaintiff,

v.

Michael A. SERRITELLA, Defendant.

Bankruptcy Nos. 88–2230–8P7, 88–392.

United States Bankruptcy Court,
M.D. Florida.

June 27, 1989.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW

## MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration involves a challenge to the right to a general bankruptcy discharge of Michael A. Serritella (Debtor). The Complaint challenging the discharge was filed by Nelton J. Zuppa (Plaintiff), who contends that the Debtor should not receive his discharge based on s 727(a)(4)(A) of the Bankruptcy Code because the Debtor knowingly and fraudulently made a false oath in connection with this case. The facts as established at the final evidentiary hearing are as follows:

In November 1984, the Debtor and his wife purchased a residence located at 3260 San Mateo Street, Clearwater, Florida, and established this property as their homestead. They resided at this address uninterruptedly and continuously up to and including 1988.

Beginning in 1986, the Debtor began to experience serious financial difficulties and by early 1988 the Debtor and his wife became seriously delinquent in the mortgage payments on the San Mateo home. As a result, the mortgagee threatened to foreclose the mortgage on the San Mateo property. Thus, it became apparent that they would lose their San Mateo home, their homestead, unless they were able to promptly find a solution to their dilemma.

According to the Debtor, his financial difficulties eventually led to an estranged relationship with his wife. As a result of this development the Debtor claims that he moved out of the San Mateo home on the third week of February, 1988, and moved into the home occupied by his mother on St. Croix Street in Tampa.

It appears that in October of 1982, Carmella Serritella, the Debtor's mother, deeded the St. Croix residence to herself and to the Debtor, as joint tenants with rights of survivorship. The Debtor listed the St. Croix residence as "homestead jointly owned with mother". Finally, on Schedule B4, the Debtor scheduled as exempt the St. Croix home. The Schedules and Statement of Financial Affairs were verified and signed by the Debtor under penalties of perjury prior to filing.

It appears that the Debtor in mid-June of 1988, or about three weeks after the initial meeting of the creditors, moved back into the San Mateo home but shortly thereafter the Debtor, his wife, and their son moved into a leased residence on Ingrid Place in Oldsmar, Florida. The San Mateo home was eventually sold at a foreclosure sale and title to that home was transferred sometime in mid-August of 1988 to the purchaser.

On April 22, 1988, the Debtor filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. At the time of the filing, the Debtor also filed the Schedule of Assets and Liabilities, along with his Statement of Financial Affairs. Question 1(c) of the Debtor's Statement of Financial Affairs requires the Debtor to state his current address at the time of the filing of the Petition. The answer furnished by the Debtor indicated that he resided at 2874 St. Croix Drive. The answer to Question 15(a) stated that the Debtor had not consulted with any attorney in the year prior to the bankruptcy filing. Schedule B-1 indicates the Debtor owns interest in two pieces of property. One is the San Mateo home which he listed as jointly owned with his wife, the other was the St. Croix residence.

It is the Plaintiff's contention that the Debtor knew that he and his wife were going to lose the San Mateo home pursuant to the foreclosure, and in order to protect his interest in the St. Croix home, the Debtor moved into the home owned by him and his mother for the purpose of establishing

the home as the Debtor's homestead, thus exempt pursuant to Section 4, Article X of the Florida Constitution. The Plaintiff contends that the Debtor's claim of the home on St. Croix as his homestead was false and, therefore, constituted a false oath in connection with this case. Based on the foregoing, the Plaintiff contends that the Debtor's discharge should be denied pursuant to s 727(a)(4)(A) of the Bankruptcy Code.

In opposition to this challenge, the Debtor contends that at the time of the filing of his Petition, he did, in fact, live at the St. Croix address; that his claim of homestead exception of the St. Croix property was correct. In support of his contention, the Debtor produced at the final evidentiary hearing a witness who testified that he was called by the Debtor to come to pick him up and transport the Debtor, his clothing, luggage and personal belongings to the St. Croix residence.

In support of his position that the Debtor did not live at the St. Croix residence, but, in fact, still resided at the San Mateo residence, the Plaintiff produced two witnesses who indicated, inter alia, that during the period in which the Debtor claims he lived at St. Croix, they visited the Debtor at various times at the residence on San Mateo. In addition, one of the witnesses, an employee of the Debtor, testified that whenever she required or needed to get in touch with the Debtor concerning matters arising at the Debtor's business, she would contact him at the San Mateo address and telephone number.

Be that as it may, this Court is satisfied that the evidence presented in support of and in opposition to the Debtor's right to a discharge is at best in equilibrium. It is well established that teh burden of proof is on a plaintiff who objects to Debtor's discharge pursuant to s 727 of the Bankruptcy Code. Bankruptcy Rule 4005. *In re Burke*, 83 B.R. 716 (Bkrtcy.N.D.Fla.1988). In addition, the standard of that proof is by clear and convincing evidence. This record fails to warrant the conclusion that the Plaintiff did establish with the requisite degree of proof any essential elements of s

727(a)(4)(A). Based on the foregoing, this Court is satisfied that the Defendant is entitled to a general discharge of all his dischargeable debts.

A separate Final Judgment shall be entered in accordance with the foregoing.